I respectfully dissent from that portion of the majority's decision that allows the giving of plaintiff's requested jury charge No. 8, thus adopting a national standard to apply to the medical community in Alabama. As I stated in my dissent inZills v. Brown, 382 So.2d 528 (Ala. 1980), physicians in Alabama are to be held to the degree of care and skill that physicians in the "same general neighborhood" pursuing the same general line of practice ordinarily exercise in like cases.Watkins v. United States, 589 F.2d 214 (5th Cir. 1979); Lea v.Family Physicians, P.A., 517 F.2d 797 (5th Cir. 1975); Parrishv. Spink, 284 Ala. 263, 224 So.2d 621 (1969); Orange v.Shannon, 284 Ala. 202, 224 So.2d 236 (1969); Moore v. Smith,215 Ala. 592, 111 So. 918 (1927).
Yet the holding of the majority equates "same general neighborhood" with "national medical neighborhood." This is clearly contrary to the usual and customary meaning of "same general neighborhood," as well as the interpretation given that phrase by the courts of Alabama, by the Federal courts applying Alabama law, and by the legislature when it provided:
 "In performing professional services for a patient, a physician's, surgeon's or dentist's duty to the patient shall be to exercise such reasonable care, diligence and skill as physicians, surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case. In the case of a hospital rendering services to a patient, the hospital must use that degree of care, skill and diligence used by hospitals generally in the community."
Code 1975, § 6-5-484. This standard has been consistently followed and has been firmly entrenched in Alabama law. With the adoption of § 6-5-484, it is obvious that the legislature intended for the "same general neighborhood" rule to keep its original meaning; that is, the locality rule. This mandate and expression of legislative intent cannot be ignored by this Court, and any change to a national community standard should be a matter of legislative prerogative — not a judicial one. See, Bly v. Rhoads, 216 Va. 645, 222 S.E.2d 783 (1976).
By equating "national medical neighborhood" with "same general neighborhood," the majority adopts the plurality opinion in Zills v. Brown, 382 So.2d 528 (Ala. 1980). The majority also overrules a long line of Alabama cases that have adopted and followed the locality rule and interpreted the phrase "same general neighborhood" to mean the city or community in which the doctor practices and the surrounding areas.
I would hold that the trial court erred in giving plaintiff's requested jury charge No. 8, as it conflicts with the locality rule as set out in Alabama case law and in Code 1975, §6-5-484. Therefore, I would reverse the decision and grant defendants' motion for a new trial.